**PARSONS BEHLE LATIMER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/13

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Main 801.532.1234
Fax 801.536.6111

A Professional
Law Corporation

;e E. Doctorman
Dir: 801.536.6720
GDoctorman@parsonsbehle.com

August 8, 2013

Honorable Victor Marrero
United States District Court Judge
United States District Court for the Southern
District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   **Re: *ACE Investors, LLC v. Margery Rubin, et al.* Civil Case No:13-sv-1371
     Response to August 6, 2013 Letter delivered by Ahmed A. Massoud --
     Proposed 60(b) Motion**

Dear Honorable Judge Marrero:

  The Rubins state they intend to file a Rule 60(b)(3) Motion. Stated simply, the Rubins' proposed Rule 60(b)(3) Motion would be a waste of judicial resources as this District Court was divested of jurisdiction when the Rubins filed their Notices of Appeal. Specifically, "It was well-settled that the docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule. The Circuit instructed that before the district court may grant a rule 60(b) motion [once an appeal has been filed], this court must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG*, 06 CIV 4189 (JLC), 2010 WL 1946718 (S.D.N.Y. May 7, 2010) (holding that permission from the Court of Appeals is required before the district court can entertain a rule 60(b) motion); see also *Who Corp. v. Stevens*, 62 F. App'x 377, 380 (2d Cir. 2003) ("The filing of an appeal divests district court of power to grant or deny relief except with the permission of the Court of Appeals."); *Park & Reserve Coal. Inc. (SPARC) v. Slater*, 374 F. Supp. 2d 243, 250 (N.D.N.Y. 2005) ("As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over the action."); *Shoemaker v. United States*, 96CIV.1465(SAS), 1997 WL 529050 (S.D.N.Y. Aug. 25, 1997) ("A court lacks jurisdiction over a matter—including jurisdiction to grant or deny relief under Rule 60(b)—after appeal has been taken."); *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 537 (S.D.N.Y. 1996).

  Aside from the jurisdictional issue as applied to this case, the Rubins' intended Rule 60(b)(3) motion is only an attempt to relitigate the merits of this case. ACE disputes any allegation of misconduct, fraud or misrepresentation with respect to its presentation of evidence in this case. If

Honorable Judge Victor Marrero
August 8, 2013
Page Two

this Court becomes vested with jurisdiction, ACE will present conclusive evidence establishing that it is legally impossible for the Rubins to succeed on their proposed Rule 60(b)(3) motion.

In conclusion, this Court does not have jurisdiction because the Rubin's filed the Notices of Appeal. The case must first be remanded by the 2nd Circuit to this Court before any Rule 60(b)(3) motion can be filed. If the case is remanded, ACE will present conclusive evidence establishing the legal impossibility of the Rubins succeeding on their proposed Rule 60(b)(3) motion.

Sincerely yours,

PARSONS BEHLE & LATIMER

Gary E. Doctorman
Attorney for ACE Investors, LLC

GED/kgo

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.

SO ORDERED.

8-7-13
DATE

VICTOR MARRERO, U.S.D.J.

4827-6683-3941.6