**MASSOUD & PASHKOFF, LLP**
Attorneys At Law



1700 Broadway, 41st Floor
New York, NY 10019
Tel. (212) 207-6771

Ahmed A. Massoud, Esq.
E-Mail: amassoud@maspaslaw.com

August 9, 2013

Honorable Victor Marrero
United States District Judge
United States District Court,
 Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**BY FACSIMILE & HAND DELIVERY**

Re: ACE Investors, LLC v. Margery Rubin, et al.
Civil Case No.: 13-cv-1373

Honorable Judge Marrero:

We are the attorneys for the Rubin parties in the above matter and write in response to the letter of Gary Doctorman, Esq., dated August 8, 2013, regarding our clients' request for a pre-motion conference in connection with their proposed motion, pursuant FRCP 60(b)(3), vacating the judgments entered in the above matter on April 23, 2013 and May 28, 2013 on the ground that said judgments were procured by fraud, misrepresentations and misconduct.

As concerns Mr. Doctorman's insistence that this Court may not entertain such motion, he would have been correct but for the December 2009 enactment of FRCP 60.1 and FRAP 12.1, known as the indicative ruling procedure, both of which adopt the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that the district court cannot grant because of a pending appeal.

Specifically, the newly-adopted procedure provides that, in such case, the district court can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue. This clear procedure is helpful whenever relief is sought from an order that the district court cannot reconsider because it is subject to a pending appeal.

Honorable Victor Marrero
August 9, 2013
Page 2

Under the new procedure, should the district court deny the motion, the previously-filed notice of appeal would be amended and it would bring the decision up for review along with the original appeal. If, on the other hand, the district court indicates that it would grant the motion or state that the motion raises a substantial issue, the circuit court would be notified so that it may remand for further proceedings.

Indeed, that is precisely the procedure followed in American Home Assurance Company v. Kuehne & Nagel, 06 Civ. 6389(JLC), 2010 WL 1946718 (S.D. N.Y. 2010), the *only* case cited by Mr. Doctorman that was decided post-enactment of FRCP 60.1 and FRAP 12.1.

Under the circumstances, contrary to Mr. Doctorman's erroneous assertion, there does not exist an impediment to this Court entertaining the Rubins' proposed motion and, indeed, the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure now specifically allow it to do so.

Respectfully yours,

Ahmed A. Massoud

AAM:oi
cc: Shveta Kakar, Esq. (via e-mail)
 David Graff, Esq. (via e-mail)
 Gary Doctorman, Esq. (via e-mail)

> Request DENIED. The Court is not persuaded that it would serve judicial economy to consider the defendants' proposed motion prior to a ruling by the Circuit Court on the pending appeal, which conceivably could dispose of the issues defendants
> SO ORDERED: describe as the grounds for their contemplated motion.
> 8-12-13
> DATE    VICTOR MARRERO, U.S.D.J.

**MASSOUD & PASHKOFF, LLP**
Attorneys At Law