

**PARSONS BEHLE & LATIMER**

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone 801.532.1234
Facsimile 801.536.6111

A Professional
Law Corporation

Gary E. Doctorman
Attorney at Law
Direct 801.536.6780
gdoctorman@parsonsbehle.com

April 28, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/14

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*Sent via facsimile or ECF*

Re:   *ACE Investors, LLC v. Margery Rubin, as Trustee of the Rubin Family Irrevocable Stock Trust, et al.*, Case No. 13-cv-1373

Dear Judge Marrero:

We represent ACE Investors, LLC ("**ACE**"), judgment creditor of the defendants (the "**Defendants**") in the above-referenced case, now on remand from the Court of Appeals for the Second Circuit. We write to inform you of the status and our inability to participate in the case given the automatic stay in the chapter 11 cases of four of the Defendants, the Rubin Family Irrevocable Stock Trust (the "**Stock Trust**"), Rubin Family Irrevocable Realty Trust (the "**Realty Trust**"), Margery Rubin, and Robert Rubin (the "**Debtor-Defendants**").

One year ago, on April 27, 2013, the Stock Trust, the Realty Trust, and Margery Rubin each filed petitions for relief under chapter 11 in the United States Bankruptcy Court for the Eastern District of New York. On June 16, 2013, Robert Rubin also filed a petition for relief under chapter 11 of the Bankruptcy Code. Although ACE moved to dismiss the Debtors' cases on the basis that they were filed solely to avoid compliance with the requirement of Rule 62 of the Fed. R. Civ. P. to post a supersedeas bond to stay collection while the defendants appealed to the Second Circuit, the Bankruptcy Court denied ACE's motion to dismiss. ACE appealed the denial of the motion to dismiss to the Eastern District of New York, but the Eastern District has not decided that appeal.

The Debtor-Defendants' chapter 11 cases have been on hold since March 2014 due to the retirement of the Hon. Dorothy Eisenberg, who had presided over the chapter 11 cases. No bankruptcy judge has yet been appointed to take Judge Eisenberg's place, and ACE is unable to get a hearing or decision on any matter that the clerk of the court deems to be a "non-emergency." ACE filed a precautionary motion for relief from stay to proceed in the Southern

BOISE | LAS VEGAS | RENO | SALT LAKE CITY | SPOKANE | WASHINGTON, D.C. | PARSONSBEHLE.COM

4850-2097-2314.1

April 28, 2014
Page Two

District of New York against the non-debtor Marital Trust on April 9, 2014, but the clerk has indicated that this is a "non-emergency" and will not be heard until a new bankruptcy judge is appointed.

On April 9, 2014, the Second Circuit issued its Summary Order, affirming the findings and conclusions of the Southern District of New York, holding that the defendants are jointly and severally liable to ACE:

> The undisputed evidence also supports the district court's conclusion that the December 20, 2007 transfer of over $7.4 million from the Stock Trust's UBS Account to the Marital Trust's Merrill Lynch account constituted actual fraud under N.Y. D.C.L. § 276.
>
> \*   \*   \*
>
> Having determined that the appellants were liable for actual fraud, the district court had authority to impose judgment on all appellants even though the Utah Judgment was against the Stock Trust only. . . . Given the magnitude of the 2007 transfer and the fact that the Rubins participated in and benefited from the 2007 transfer, liability against the Rubins and the Marital and Realty trusts was proper.

(2d. Cir., Case No. 13-1632-cv(L), Doc No. 130-1 at pp. 4-5.) The Second Circuit, however, remanded to revise the Judgment by removing the award of expert witness fees included. (*Id.* at p. 7.) Pursuant to the terms of the Summary Order, the judgment is unstayed unless the Debtors obtained a stay from the Supreme Court of the United States within seven days, which they failed to do. (*Id.* at pp. 7-8.)

The Clerk of the Southern District of New York contacted the defendants and ACE and attempted to schedule a hearing to take up the matter, but the Debtors and ACE were unable to agree to modify the automatic stay so that the Southern District of New York could simultaneously augment the judgment for attorneys' fees and continued accrual of post-judgment interest. Accordingly, ACE filed a motion for limited relief from stay to enable ACE and the Debtors to participate in the Southern District of New York and, in the interest of judicial efficiency, to allow the Southern District to augment, not just reduce, the judgment for attorneys' fees and continuing accrual of post-judgment interest while awaiting the appointment of a new bankruptcy judge. The motion specifically stated that ACE would not seek to collect or execute on the augmented judgment.

The clerk of the Bankruptcy Court, however, informed ACE that the motion was a "non-emergency" and so declined to schedule a hearing on the motion.

4850-2097-2314.1

April 28, 2014
Page Three

   Accordingly, ACE informs the Southern District of New York that it is unable to participate in any proceedings at the Southern District of New York unless and until the Bankruptcy Court grants a hearing on its motion for limited relief from the automatic stay.

              Sincerely,

              PARSONS BEHLE & LATIMER

              /s/ Gary E. Doctorman
              Gary E. Doctorman
              Attorney at Law

GED

cc: D. Graff, A. Massoud

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *Plaintiff ACE Investors, LLC*.

**SO ORDERED.**

5-2-14
DATE      VICTOR MARRERO, U.S.D.J.

4850-2097-2314.1